IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

RICHARD LAMAR ENGLEBERT, JR.                                                        PLAINTIFF

    v.                            Civil No. 2:23-CV-02010-PKH-MEF

RYAN GOODWIN; 1st Shift Med Staff;
FREDDIE RUCKER, 2nd Shift Medical Staff;
JOSEPH WESELEY, Weekend Nurse; and,
DR. JONATHAN WHITE,                                                                 DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Richard Lamar Englebert, Jr., a pretrial detainee at the Crawford County Detention Center ("CCDC"), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, generally alleging that the Defendants have provided him with inadequate medical care in violation of his constitutional rights. (ECF No. 1). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Senior District Judge P. K. Holmes, III, referred this case to the undersigned for the purpose of making a Report and Recommendation.

This Court previously granted Plaintiff's *in forma pauperis* ("IFP") application. (ECF No. 3). This matter is now before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court must screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's Third Amended Complaint be dismissed for failure to state a claim. *See* 28 U.S.C. § 1915A(b)(1).

I.       BACKGROUND

When this matter was first before the Court, the Court directed the Clerk to send a copy of the Complaint back to Plaintiff for his signature in accordance with Rule 11 of the Federal Rules of Civil Procedure. (ECF No. 6). Although Plaintiff signed and dated his Amended Complaint (ECF No. 7), the Amended Complaint was deficient in other respects. Specifically, as previously advised, the Amended Complaint failed to identify how each named defendant was personally involved in or directly responsible for the alleged violations of Plaintiff's constitutional rights. *See Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006) ("Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."). Thus, the Court directed Plaintiff to file a second amended complaint to cure these deficiencies. (ECF No. 8). Upon review of Plaintiff's Second Amended Complaint (ECF No. 9), and Supplement (ECF No. 10), the Court again found deficiencies and directed Plaintiff to file a third amended complaint, highlighting the specific deficiencies with the Second Amended Complaint. (ECF No. 11). Having received Plaintiff's Third Amended Complaint, this matter is back before the Court for review pursuant to 28 U.S.C. § 1915A(a).

As the Court understands it, Plaintiff claims in his Third Amended Complaint that he was denied medical care on August 27, 2022, November 5, 2022, and December 22, 2022. (ECF No. 12 at p. 4). According to Plaintiff, Defendants Joseph Wesley, Freddy Rucker, Ryan Goodwin and Jonathan White were made aware of his medical conditions, which include cancer, blood liver disease, blood infection, chest pains, headaches, and pain from a tumor in his back, but they failed to provide him with adequate medical care. *Id.* at p. 4-5. Plaintiff claims that his cancer is spreading, his liver disease is getting worse, and his tumor is growing, but he has been given no

relief from the chest pains and headaches. *Id.* Plaintiff asserts that he should have undergone testing to determine whether his liver disease was life-threatening, his skin cancer should have been removed, and the tumor in his back should have been removed and tested to determine why he is having chest pains and getting headaches. *Id.*

Plaintiff names the defendants in their individual and official capacities. (ECF No. 12 at 5). Plaintiff requests an order directing the Defendants to provide him with medical care. He is also asking for $5,000,000 in damages due to the damage to his liver. *Id*. at 6.

## II.     LEGAL STANDARD

Under the PLRA, the Court is obligated to review the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004). However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

### III. LEGAL ANALYSIS

In a Section 1983 action such as this one, the essential elements of the claim are: "(1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Schmidt v. City of Bella Vista*, 557 F.3d 564, 571 (8th Cir. 2009).

As the Court previously explained to Plaintiff, liability in a § 1983 case is personal. *See Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). This means that under Section 1983, "a plaintiff must plead that each Government-official defendant, *through the official's own individual actions*, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)) (emphasis added).

Plaintiff's Third Amended Complaint identifies four defendants: Joseph Wesley, Freddy Rucker, Ryan Goodwin, and Jonathan White. (ECF No. 12). Plaintiff alleges that all four defendants were aware of his medical conditions, but that all four failed to provide him with adequate medical care on three occasions: August 27, 2022, November 5, 2022, and December 22, 2022. *Id.* Plaintiff again, however, fails to plead any specific facts establishing *how* each of these four defendants failed to provide adequate medical care on those three dates. This simply will not do.

In determining whether a complaint states a plausible claim, "the tenet that a court must accept a complaint's allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 663. Plaintiff's assertion that the defendants "failed to provide [him] with adequate medical care" is a purely

4

conclusory statement. (ECF No. 12 at p. 5). Moreover, Plaintiff fails to support this conclusion with any specific facts detailing, for example, *what* each named Defendant *did or did not do* and when. *See Iqbal*, 556 U.S. at 679 ("While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations."). Plaintiff's Third Amended Complaint, therefore, fails to state a plausible Section 1983 claim against the named Defendants for "medical indifference."

Plaintiff has been given no fewer than two opportunities to address the deficiencies in his complaint. The Court has provided Plaintiff with directions on how to address these deficiencies. In the Court's order directing him to file a second amended complaint, the Court warned that the complaint must state "exactly what each Defendant did or failed to do and when." (ECF No. 8). In the Court's order directing Plaintiff to submit a third amended complaint, the Court specifically cautioned Plaintiff that the third amended complaint "must specifically identify who did what and when." (ECF No. 11 at p. 3). The Court also cautioned Plaintiff on two occasions to identify all his claims in one document, warning Plaintiff that the Court will not consider previous complaints in determining whether the complaint before the Court contains a plausible cause of action. (ECF Nos. 8, 11). Plaintiff did not heed these warnings. His Third Amended Complaint again contains mere conclusory statements devoid of any factual enhancement. As such, it fails to establish a plausible claim under Section 1983.

The Court is not unsympathetic to Plaintiff's claims, but Plaintiff has been given multiple opportunities to properly amend his complaint. Thus, at this stage, this Court recommends that Plaintiff's Complaint be dismissed without prejudice.

## IV. CONCLUSION

In sum, having reviewed Plaintiff's Third Amended Complaint pursuant to 28 U.S.C. § 1915A, the undersigned recommends that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff should be warned that, in the future, this dismissal may be counted as a strike for purposes of 28 U.S.C. § 1915(g), and thus, the Clerk should be directed to place a § 1915(g) strike flag on the case for future judicial consideration.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 4th day of May 2023.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE